**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262
Michael J. Rusing; mrusing@rllaz.com
State Bar No. 006617
Sarah E. Epperson; sepperson@rllaz.com
State Bar No. 031465

**POLASKE, QUISENBERRY & ERRINGTON, L.L.P.**
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010
C. Dale Quisenberry; dquisenberry@pqelaw.com (*Pro Hac Vice Application to be filed*)
Texas State Bar No. 24005040
John T. Polasek; tpolasek@pqelaw.com (*Pro Hac Vice Application to be filed*)
Texas State Bar. No. 16088590

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Last Place In Texas, Inc., d/b/a "Taste of Texas", a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Taste of Texas, Incorporated, an Arizona corporation,<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT**<br>(**Jury Trial Demanded**) |

Plaintiff Last Place In Texas, Inc., d/b/a "Taste of Texas" ("Taste of Texas" or "Plaintiff") brings this action against defendant Taste of Texas, Incorporated ("Defendant"), and alleges:

## THE PARTIES

1. Plaintiff Taste of Texas is a corporation organized and existing under the laws of the State of Texas, and having a principal place of business at 10505 Katy Freeway, Houston,

1 | Texas 77024.

2. Defendant is a corporation organized and existing under the laws of the State of Arizona, and having a place of business at 8310 North Thornydale Road, Tucson, Arizona 85741. Defendant has designated its registered agent for purposes of service of process as Steven W. Baldwin, 8310 North Thornydale Road, Tucson, Arizona 85741.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, trade name infringement, false designation of origin, unfair competition and dilution arising under the provisions of the Trademark Laws of the United States of America, Title 15, United States Code, also known as the Lanham Act.

4. Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121.

5. Defendant is subject to personal jurisdiction in this district because it has a continuous, systematic and substantial presence within this judicial district and within Arizona. Defendant maintains its principal place of business in this district, and it regularly conducts business within this district. Defendant has also committed wrongful acts complained of herein within this judicial district.

6. Venue is proper in this district pursuant to 35 U.S.C. §§ 1391(b) and (c) because Defendant resides in this district, and/or because it has engaged in and continues to engage in acts of trademark infringement, false designation of origin, unfair competition and dilution in this district that form the basis for this action.

## PLAINTIFF'S FAMOUS "TASTE OF TEXAS" MARKS

7. Plaintiff Taste of Texas was formed on or about July 20, 1977, and opened its TASTE OF TEXAS restaurant in November 1977, adopting the trademark TASTE OF TEXAS for restaurant services at that time. During its 38 years of existence, Plaintiff's TASTE OF TEXAS restaurant has become a famous, nationally-known, award-winning restaurant.

8. Plaintiff's TASTE OF TEXAS restaurant is a twenty-time Wine Spectator Award of Excellence winner, which in 2015 placed it among only 3,618 restaurants worldwide

recognized by Wine Spectator at that category or higher. In October 2015, *Restaurant Business* magazine listed Plaintiff's TASTE OF TEXAS restaurant among the Top 100 grossing independent restaurants in the United States, ranking it at No. 30, with sales listed at $16,895,230. In April 2015, Zagat ranked Plaintiff's TASTE OF TEXAS restaurant among the Top 50 Best Restaurants in Houston, at No. 17. Plaintiff's TASTE OF TEXAS restaurant is ranked No. 3 out of 7,304 Houston restaurants in Trip Advisor's ranking of Best Houston Restaurants for 2015.

9. Plaintiff has developed valuable trademark rights in its TASTE OF TEXAS mark and obtained corresponding federal trademark registrations for a variety of goods and services. One of the federal trademark registrations that Plaintiff owns is United States Trademark Registration No. 1,987,080 ("the '080 registration"), a true and correct copy of which is attached hereto as Exhibit A and fully incorporated herein by reference. The prominent feature of the service mark for the '080 registration is the phrase "TASTE OF TEXAS." The '080 registration is for restaurant services. The application from which the '080 registration issued was filed on June 30, 1995. The '080 registration was registered on the Principal Register on July 16, 1996, and lists its date of first use as October 1, 1993 and its date of first use in commerce as December 21, 1993.

10. Another federal trademark registration that Plaintiff owns is United States Trademark Registration No. 2,287,703 ("the '703 registration"), a true and correct copy of which is attached hereto as Exhibit B and fully incorporated herein by reference. The application from which the '703 registration issued was filed on August 7, 1998. The '703 registration was registered on the Principal Register on October 19, 1999, and lists its date of first use as June 1, 1991 and its date of first use in commerce as June 1, 1991. The trademark for the '703 registration as shown in Exhibit B is for the trademark "TASTE OF TEXAS." The '703 registration is for clothing, namely, shirts, sweaters, and aprons. Plaintiff's TASTE OF TEXAS trademark, service mark and the marks registered as the '080 and '703 registrations are referred to herein collectively as "the TASTE OF TEXAS marks."

11. Pursuant to 15 U.S.C. § 1065, each of the '080 and '703 registrations is

incontestable.

12. Plaintiff's TASTE OF TEXAS marks are and have been the subject of substantial and continuous marketing and promotion by Plaintiff for many years in connection with its restaurant services and clothing items, including shirts.

13. Plaintiff continues to market and promote its TASTE OF TEXAS marks by displaying its TASTE OF TEXAS marks on signage, menus, its website, clothing, and gift certificates, to name a few ways in which Plaintiff markets and promotes its TASTE OF TEXAS marks.

14. As a result of Plaintiff's substantial use and promotion of its TASTE OF TEXAS marks, the marks have acquired great value as specific identifiers of Plaintiff and its goods and services, and also to serve to identify and distinguish Plaintiff's goods and services from those of others.

15. Consumers readily recognize Plaintiff's TASTE OF TEXAS marks as distinctive designations of the origin of Plaintiff's TASTE OF TEXAS brand goods and services. The TASTE OF TEXAS marks are intellectual property assets of enormous value as symbols of Plaintiff and its high quality goods and services, reputation and goodwill.

**DEFENDANT'S INFRINGING ACTIVITIES**

16. Defendant is engaged in the business of operating a restaurant within this district at Defendant's above-stated address under the name "Taste of Texas."

17. Defendant uses Plaintiff's TASTE OF TEXAS mark on signage outside of Defendant's restaurant.

18. Attached hereto as Exhibit C, and reproduced below, is a photograph recently taken of Defendant's exterior signage showing Defendant's use of Plaintiff's TASTE OF TEXAS mark:

///



19. Attached hereto as Exhibit D, and reproduced below, is another recent photograph of Defendant's exterior signage, and showing upon closer inspection that Defendant has blended the term "Colt's" in much smaller lettering into the top of the first "T" in Plaintiff's TASTE OF TEXAS mark in a barely visible manner:

20. The commercial impression of Defendant's above-shown exterior sign is that the name of Defendant's restaurant is "Taste of Texas."

21. Defendant also uses the following logo in connection with its restaurant:

///

22. The prominent feature of Defendant's above logo is Plaintiff's TASTE OF TEXAS mark. Defendant uses and has used its above logo at least on its website (www.coltstasteoftexas.com), carry out menu, business cards, T-shirts and employment application. A true and correct copy of the home page of Defendant's website depicting the above logo is attached hereto as Exhibit E. A true and correct copy of Defendant's carry out menu depicting the above logo is attached hereto as Exhibit F. A true and correct copy of Defendant's General Manager's business card depicting the above logo is attached hereto as Exhibit G and shown below:

23. The carry out menu and business card (Exhibits F and G) were obtained from Defendant's restaurant in Tuscon on or about January 5, 2016.

24. Defendant's infringing logo is also used on its T-shirts. A true and correct copy of a photograph of one of Defendant's T-shirts depicting the above logo is attached hereto as Exhibit H. The T-shirt shown in Exhibit H was purchased at Defendant's restaurant in Tuscon on or about January 5, 2016. The image shown below is of the infringing logo on Defendant's T-shirt shown in Exhibit H:



25. Defendant's infringing logo is also used on its employment application. A true and correct copy of Defendant's employment application, which is downloadable from Defendant's www.coltstasteoftexas.com website and depicts the above logo, is attached hereto as Exhibit I.

26. The title of the employment application is "TASTE of TEXAS INC., APPLICATION FOR EMPLOYMENT."

27. Defendant also refers to itself as "TASTE of TEXAS" in the box in the upper right hand corner of the employment application in Defendant's statement about being an equal opportunity employer.

28. In the third row down from the top of the first page of the employment application, Defendant refers to itself as TASTE OF TEXAS when asking the prospective employee: "HOW WERE YOU REFERRED TO TASTE OF TEXAS."

29. Defendant's employment application (Exhibit I) is available for download from Defendant's www.coltstasteoftexas.com website in Houston, Texas.

30. Defendant's employment application (Exhibit I) has been filled out and submitted to Plaintiff by individuals living in Houston, Texas and seeking employment with Plaintiff. Attached hereto as Exhibits J, K, L and M are true and correct copies of Defendant's employment application (dated August 28, 2015, September 28, 2015, January 25, 2016 and March 10, 2016, respectively) that have been filled out by individuals living in Houston and

submitted to Plaintiff seeking employment with Plaintiff; these Exhibits have been redacted to remove personal information. These employment applications (Exhibits J-M) evidence examples of how Defendant's infringing use of Plaintiff's TASTE OF TEXAS marks has actually caused confusion in the public and has caused the pubic to mistakenly believe that Defendant and Plaintiff are the same company and that Defendant's goods and services have their source or origin with Plaintiff, and/or that Defendant's goods and services are in some manner approved by, associated with, sponsored by, endorsed by or connected with Plaintiff.

31. Defendant's infringing use of Plaintiff's TASTE OF TEXAS marks in connection with its T-shirts has also caused actual confusion. On November 5, 2015, Plaintiff received the following inquiry via the "Contact Us" page of its www.tasteoftexas.com website: "Is it possible to purchase an XL Tall long sleeve Star & stripes shirt…I saw one on display in Tuscon and they said they don't stock them." A true and correct copy of the form submitted from Plaintiff's "Contact Us" page of its website is attached hereto as Exhibit N (personal information has been redacted). This "Contact Us" form (Exhibit N) is additional evidence of how Defendant's infringing use of Plaintiff's TASTE OF TEXAS marks has actually caused confusion in the public and has caused the pubic to mistakenly believe that Defendant and Plaintiff are the same company and that Defendant's goods and services have their source or origin with Plaintiff, and/or that Defendant's goods and services are in some manner approved by, associated with, sponsored by, endorsed by or connected with Plaintiff.

32. Defendant has also engaged in infringing use of Plaintiff's TASTE OF TEXAS mark in connection with Defendant's gift certificates. A true and correct copy of one of Defendant's gift certificates is attached hereto as Exhibit O. The gift certificate (Exhibit O) includes the infringing phrase "TASTE OF TEXAS DOLLARS" prominently across the top of the gift certificate. The gift certificate shown in Exhibit O was purchased from Defendant's restaurant in Tuscon on or about January 5, 2016. The gift certificate shown in Exhibit O bears an infringing logo very similar to the logo shown above, except that, as shown in the image taken from Exhibit O below, the logo on Defendant's gift certificates does not include the words "Colt's" or "Steakhouse":



33. Defendant also uses Plaintiff's TASTE OF TEXAS mark on signage inside Defendant's restaurant. Attached hereto as Exhibit P, and reproduced below, is a photograph recently taken inside Defendant's store of a display bearing Plaintiff's TASTE OF TEXAS mark:

34. Defendant also infringes Plaintiff's TASTE OF TEXAS mark on its Catering Menu, a true and correct copy of which is attached hereto as Exhibit Q. As shown in the below image taken from Defendant's Catering Menu (Exhibit Q), the Defendant's infringing logo on its Catering Menu is similar to its infringing logo on Defendant's indoor signage shown above and in Exhibit P:



35. Defendant has also engaged in infringing use of Plaintiff's TASTE OF TEXAS mark in its www.coltstasteoftexas.com domain name for its website, as shown in Exhibit E.

36. Defendant's restaurant is known in the Tuscon community as "Taste of Texas".

37. Upon information and belief, Mike Arino has an ownership interest in Defendant's restaurant, and is a graduate of Flowing Wells High School. Attached hereto as Exhibit R is a true and correct copy of the August 2014 edition of "Beyond the Cab Days," which is the Flowing Wells High School Alumni and Affiliates Annual Newsletter. On page 5 of Exhibit R, in the lower right hand corner of the page, one of the donors to the Alumni golf tournament is identified as "Taste of Texas (Mike Arino '79 and Cindy Valenzuela Arino '80)".

38. Attached hereto as Exhibit S is a true and correct copy of a slide deck entitled "Rosemont Copper, A Bridge to a Sustainable Future, Bridging Arizona's History to a Sustainable Future" recently retrieved from the Internet under the filename "boma_pace2012_rosemont.pdf". On page 23, under the heading "Southern Arizona Business Leaders", the following entry is found: "Taste of Texas Restaurant, Michael E. Arino, Owner, mike@wgval.com".

39. Upon information and belief, each of Defendant's wrongful acts complained of herein occurred after Plaintiff's first adoption and use of its TASTE OF TEXAS mark, and after each of the dates of first use and registration dates recited above with respect to the '080 and '703 registrations.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**[15 U.S.C. § 1114]**

40. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

41. Plaintiff is the owner of valid, enforceable and incontestable United States trademark registrations for its TASTE OF TEXAS marks, including the '080 and '703 registrations.

-10-

42. Defendant has used in commerce, without Plaintiff's permission, colorable imitations and/or confusingly similar marks to Plaintiff's TASTE OF TEXAS marks that are the subject of at least Plaintiff's '080 and '703 registrations in connection with the distribution, sale, offer for sale, advertisement, promotion and provision of restaurant services and T-shirts, which is likely to cause confusion or mistake, or to deceive.

43. Defendants' use of Plaintiff's TASTE OF TEXAS marks in connection with its business and without Plaintiff's permission has caused, or is likely to cause, confusion, mistake or deception, and the public is likely to believe mistakenly that Defendant and its goods and services have their source or origin with Plaintiff, or are in some manner approved by, associated with, sponsored by or connected with Plaintiff, all in violation of 15 U.S.C. § 1114.

44. Upon information and belief, Defendant had actual knowledge of Plaintiff and its ownership and prior use of the TASTE OF TEXAS marks, yet has continued its acts of infringement complained of herein. Upon information and belief, Defendant's alleged wrongful acts of infringement have been willful, deliberate and intentional, and done with the intent to trade on Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's goods and services are associated with, sponsored by, originated from, or approved by Plaintiff, when they are not. Upon information and belief, Defendant's infringement complained of herein has been willfully done in violation of 15 U.S.C. § 1114.

45. Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

46. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement, for which Plaintiff has no adequate remedy at law.

/ / /

## COUNT II
## FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION
## [15 U.S.C. § 1125(A)]

47. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

48. Plaintiff is the owner of valuable rights in its TASTE OF TASTE trademarks and service marks in connection with its various goods and services as alleged hereinabove.

49. Defendant's various uses of Plaintiff's TASTE OF TEXAS marks as alleged above in connection with Defendant's trade name, and goods and services constitutes unfair competition and false designation of origin that is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's goods and services or commercial activities by Plaintiff, all in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

50. Upon information and belief, Defendant's alleged wrongful acts of unfair competition and false designation of origin have been carried out with actual knowledge of Plaintiff and its ownership and prior use of the TASTE OF TEXAS marks, have been willful, deliberate and intentional, and done with the intent to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's goods and services or commercial activities by Plaintiff. Upon information and belief, Defendant's unfair competition and false designation of origin complained of herein has been willfully done in violation of 15 U.S.C. § 1125.

51. Defendant's acts of unfair competition and false designation of origin under § 43 have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

52. As a consequence of the violations of § 43 complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing

1 further acts of unfair competition and false designation of origin, for which Plaintiff has no adequate remedy at law.

### COUNT III
### FEDERAL DILUTION
### [15 U.S.C. § 1125(C)]

53. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

54. Plaintiff is the sole owner of the TASTE OF TEXAS marks, which are valid and protectable.

55. The TASTE OF TEXAS marks are distinctive and famous, and have been used and promoted continuously throughout the United States of America since their inception.

56. The TASTE OF TEXAS marks have received extensive publicity both as a result of the efforts of Plaintiff and through third-party recognition. The TASTE OF TEXAS marks are famously associated and extensively recognized with the products and services of Plaintiff.

57. By engaging in the aforesaid acts, Defendant has caused and continues to cause irreparable dilution of the integrity of the TASTE OF TEXAS marks by associating Plaintiff's trade name TASTE OF TEXAS marks with restaurant services that are subject to no demonstrable quality control standards, harming the reputation of the TASTE OF TEXAS marks and constituting dilution by tarnishment of the TASTE OF TEXAS marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58. Defendant's acts of dilution are intentional and willful, and have caused Plaintiff to sustain monetary damage, loss, and injury, in an amount subject to proof at trial.

59. Defendant's acts of dilution, unless enjoined by the Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which it has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for entry of judgment that:

A. The Court render a final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

B. The Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Plaintiff's trademark rights in at least the marks that are the subject of United States Trademark Registration Nos. 1,987,080 and 2,287,703;

C. The Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1125(a) by infringing Plaintiff's TASTE OF TEXAS marks, by using false designations of origin and engaging in trade name infringement and unfair competition with Plaintiff;

D. The Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1125(c) by diluting Plaintiff's TASTE OF TEXAS marks;

E. The Court grant Plaintiff injunctive relief preliminarily and permanently enjoining Defendant and its agents, servants, officers, directors, owners, representatives, employees, successors, assigns and all other persons in active concert or participation with any of them from:

    1. using Plaintiff's TASTE OF TEXAS marks on or in connection with Defendant's trade name, website, goods and services and/or in connection with any advertising or promotion of Defendant's goods and services;

    2. using any confusingly similar variation of Plaintiff's TASTE OF TEXAS marks in any manner that has created, or is likely to create, the impression that Defendant's goods and services originate from Plaintiff, are endorsed by Plaintiff, or are connected in any way with Plaintiff;

    3. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling and/or offering to sell any goods or services bearing any of Plaintiff's TASTE OF TEXAS marks and/or any confusingly similar marks;

    4. operating, maintaining and/or publishing any website using any domain name that includes the phrase "tasteoftexas" or any colorable imitation thereof, including but not limited to www.coltstasteoftexas.com;

    5. otherwise infringing Plaintiff's TASTE OF TEXAS marks, falsely designating the origin of Defendant's goods and services, and/or unfairly competing with Plaintiff in any manner whatsoever; and

    6. engaging in any acts that dilute Plaintiff's TASTE OF TEXAS marks, whether by tarnishment or otherwise;

  F. Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the Court's injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

  G. Defendant be ordered to account to and pay Plaintiff for any and all profits derived by Defendant by virtue of Defendant's acts complained of herein;

  H. Defendant by ordered to pay over to Plaintiff all damages that Plaintiff has sustained as a consequence of the acts complained of herein, subject to proof at trial;

  I. Defendant's wrongful acts complained of herein be deemed willful;

  J. The amount of damages be trebled and that the amount of profits by increased as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

  K. Defendant be ordered to deliver and destroy all interior signs, exterior signs, menus, literature, brochures, business cards, promotional materials, advertising, T-shirts, gift certificates, and all other goods, products and materials bearing any of Plaintiff's TASTE OF TEXAS marks or any confusingly similar mark, and all plates, molds, matrices and other means of making same, pursuant to 15 U.S.C. § 1118 and applicable law;

  L. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's wrongful acts complained of herein;

  M. Plaintiff be granted its reasonable attorneys' fees;

  N. Costs be awarded to Plaintiff; and,

  O. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted this 3rd day of May, 2016.

                                 **RUSING LOPEZ & LIZARDI, P.L.L.C.**

                                 /s/ Michael J. Rusing
                                 Michael J. Rusing
                                 *Attorneys for Plaintiff Last Place in Texas, Inc.*
                                 *d/b/a Taste of Texas*